## DE RAN v. KILLITS, District Judge.

(Circuit Court of Appeals, Sixth Circuit. November 10, 1925.)

No. 4319.

**1. Judges ⚖51(3)—Affidavit of disqualification held ineffective, as failing to show petitioner a "party" to proceedings.**

Affidavit of disqualification, alleging interest of petitioner in bankruptcy proceedings in general terms, does not show petitioner to be "party" to proceedings, within meaning of Judicial Code, § 21 (Comp. St. § 988), and affidavit is ineffective, where petitioner had no interest of record by which affidavit would be supplemented to show him to be a substantial party, though pleadings asserted interest in claims against bankrupt, which were well known to judge.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party (in Practice).]

**2. Judges ⚖54—Party acquiescing for long time, in disregard of affidavit of disqualification, not entitled to have judge disqualified.**

A party who had been attorney for bankrupt and consented to adjudication in bankruptcy cannot have judge disqualified, where he acquiesced for years in disregard of his affidavit of disqualification, instead of challenging order striking affidavit when made, during which time administration of bankrupt estate actively proceeded.

**3. Judges ⚖51(1)—Filing of mandamus petition sufficient to challenge propriety of further action by judge.**

Filing of a mandamus petition for reinstatement of affidavit of prejudice is sufficient to challenge propriety of any further action by judge in bankruptcy proceedings.

Petition for writ of mandamus by Hal C. De Ran to compel reinstatement of affidavit of prejudice stricken from files by Hon. John M. Killits, District Judge for the Northern District of Ohio, Western Division. On motion to strike petition from files. Writ dismissed.

F. S. Monnett, of Columbus, Ohio, and David B. Love, of Fremont, Ohio, for petitioner.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. Petition for writ of mandamus to compel reinstatement of affidavit of prejudice filed by relator in the matter of the H. G. Burford Company estate, in bankruptcy (which affidavit was stricken from the files by respondent), as also to compel the certification of respondent's disqualification. The hearing had is upon the legal questions presented by respondent's motion to strike the petition for mandamus from the files, treated as a demurrer under the rules of this court. Our conclusions, briefly stated, are these:

[1] 1. Judged by the face of the record, petitioner's affidavit of disqualification, filed April 15, 1921, was ineffective, for the reason, if for no other, that it did not show petitioner to be a party to the bankruptcy proceeding in the sense in which the word "party" is used in section 21 of the Judicial Code (Comp. St. § 988). There are such a great number and variety of "interests" in bankruptcy that to allege "interest" in merely general terms is not ordinarily enough. As we understand the case made by petitioner's pleadings, he had no interest of record by which the affidavit would be supplemented, so as to make a showing that he was a substantial "party," although by his pleadings herein he asserts that the claims held by a certain corporation against the bankrupt were known to belong to petitioner in part, and that petitioner was known to be an indemnitor of the bond given by the motor truck company, and that petitioner and another party were practically the sole parties in interest in that property, which is asserted to have been open and notorious and well known to respondent.

[2] Petitioner had in fact been the attorney for the bankrupt, and as such had consented to adjudication of its bankruptcy. But were it thought that the District Judge was informed, or should have known, from what transpired in the course of administration in bankruptcy, that relator had the personal interest in that estate here asserted, it is enough to say that, as soon as he knew that his affidavit of disqualification was being disregarded by respondent, he should have ascertained the fact of the order striking the affidavit from the files, and should then have challenged such order or tendered a better affidavit. Instead, he acquiesced for years, during which time the administration of the bankrupt estate actively proceeded, involving a number of entries, decrees, and judgments, which petitioner seeks to have reviewed through the action of a disinterested judge, assigned to sit in the bankruptcy cause.

2. Judge Killits' disqualifying order of June 6, 1923, made upon his own motion, should not have been limited to the Globe matter. By that time it was fairly apparent that petitioner was in fact, or at least was believed to be, largely interested in so many aspects of this and the "allied and associated bankruptcies" that everything substantially affecting the estate substantially

affected him. However, the order of disqualification was in terms limited to matters raised by the motion or answer of the Globe Company. Upon the record this is clear. The unlimited copy here set up was neither signed nor entered. The docket entry shows the limitation, as affirmatively appears from the certified copy of the order sent to the then senior Circuit Judge the next day, and now contained in that judge's official file, of which, as petitioner concedes, the court will take judicial cognizance. If petitioner was at first misled by the unsigned draft of the order last mentioned, he knew, or should have known at once, that respondent was hearing other matters, and should have examined the record. He cannot stand by for 18 months more, and then upset everything occurring during his acquiescence. Judge Killits' disqualifying order of June 29, 1923, was also limited in that instance to matters raised by the intervening petition of Will W. Morrison.

[3] 3. The filing of the mandamus petition was a sufficient challenge to the propriety of any further action by respondent in these bankruptcies. As the situation is disclosed, expressly or tacitly, by the answer, we think a reasonable exercise of discretion——regardless of any affidavit—required that he should take no further action in any way affecting, or which might affect directly or indirectly, the interests then disclosed and claimed by petitioner. We do not know that he has taken such further action, and assume he has not; but, if so, such action should be set aside, unless for some reason not now apparent.

4. The writ of mandamus, asked upon the theory of a statutory disqualifying affidavit or application under sections 20 and 21 of the Judicial Code (Comp. St. §§ 987, 988), must be dismissed. Doubtless there will be compliance with our views herein expressed.