## NATIONS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 17, 1926. Rehearing Denied August 30, 1926.)

### No. 7173.

1. Judges ☞51(3)—Affidavit of prejudice held sufficient and to require transfer of cause (Jud. Code, § 21 [Comp. St. § 988]).

An affidavit of bias and prejudice, filed by a defendant stating on information and belief that persons connected with the government and having special interest in the prosecution had communicated to the trial judge what they claimed to be facts and circumstances connected with the charge made in the indictment, as a result of which said judge had formed and expressed an opinion that defendant was guilty, which affidavit was accompanied with a proper certificate of counsel, held sufficient under Jud. Code, § 21 (Comp. St. § 988), and to require transfer of the cause to another judge.

2. Judges ☞51(3).

Affidavit of bias and prejudice, filed under Jud. Code, § 21, need not fulfill technical requirements of an indictment (Comp. St. § 988).

3. Judges ☞51(4).

Affidavit of prejudice under Jud. Code, § 21 is not subject to attack, but is to be taken as true (Comp. St. § 988).

4. Judges ☞51(4).

Requirement of transfer of cause on filing of sufficient affidavit of prejudice under Jud. Code, § 21 is imperative (Comp. St. § 988).

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Criminal prosecution by the United States against Heber Nations. Judgment of conviction, and defendant brings error. Reversed.

P. H. Cullen, of St. Louis, Mo. (Charles G. Revelle and Abbott, Fauntleroy, Cullen & Edwards, all of St. Louis, Mo., on the brief), for plaintiff in error.

John C. Dyott, Sp. Asst. Atty. Gen. (Mabel Walker Willebrandt, Asst. Atty. Gen., and Mahlon D. Kiefer, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before STONE, KENYON, and BOOTH, Circuit Judges.

BOOTH, Circuit Judge. January 19, 1925, there was returned into the District Court of the United States for the Eastern District of Missouri an indictment against plaintiff in error and Charles S. Prather, Raymond B. Griesedieck, and Griesedieck Bros. Brewery Company, charging them with conspiracy to violate the National Prohibition Act in manufacturing, transporting, and selling for beverage purposes beer containing more than one-half of 1 per cent. of alcohol by volume.

April 20, 1925, plaintiff in error duly made and filed an affidavit of personal bias or prejudice against one of the judges of said court, pursuant to section 21 of the Judicial Code (Comp. St. § 988). The affidavit was accompanied by the required certificate of counsel of record. They are as follows:

"In the District Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri.

United States of America, Plaintiff, v. Heber Nations et al., Defendants. No. 10668.

"Now comes Heber Nations, who states that he is a party defendant to the above action or proceeding, and he doth make and file

this affidavit in pursuance to section 21 of the Judicial Code.

"The said Heber Nations, defendant as aforesaid, on his oath states that the judge before whom this action is pending, to wit, Hon. C. B. Faris, has a personal bias or prejudice against him, and has a personal bias and prejudice in favor of the plaintiff, the United States of America, who is the opposite party to this action.

"Defendant says that he did not file this affidavit ten days before the beginning of the present term of court for the reason that knowledge of such bias and prejudice did not come to him until this date, and he avers that said absence of knowledge is good cause for his failure to file said affidavit, within ten days before the beginning of the present term of this court. This affidavit is accompanied by a certificate of counsel of record that said affidavit and application are made in good faith.

"The facts and reasons for the belief that such bias and prejudice exists are as follows, to wit: He is informed and believes that persons connected with the United States government and having a special interest in this prosecution have communicated to said judge what they alleged to be knowledge of facts and circumstances connected with the transactions averred in the indictment, and that as a result of said communication the said judge has an ill and unfriendly feeling against said defendant, and has formed an adverse opinion as to defendant's innocence, and now entertains the belief that there is no meritorious defense to the charge made against said defendant.

"And the defendant further says that he is informed and believes said judge has stated that it is his opinion and belief that this defendant has been and is guilty of having co-operated and conspired with others, including the Griesedieck Bros. Brewery Company, a corporation, and Chas. Prather, to unlawfully afford and give protection and assistance to said Griesedieck Bros. Brewery Company and other persons in unlawfully manufacturing, selling, transporting, and possessing intoxicating liquors in violation of the laws of the United States and removing and withdrawing from brewery premises intoxicating liquors without reducing the alcoholic content thereof below one-half of 1 per cent. of alcohol by volume.

"Heber Nations.

"State of Missouri, City of St. Louis—s. s.:

"Heber Nations, one of the defendants in the above-entitled cause, being duly sworn, upon his oath says that the statements contained in the above and foregoing affidavit are true according to his best knowledge, information, and belief, and the said affidavit is made for the purposes stated therein.

"Subscribed and sworn to before me this 20 day of April, 1925. [Seal.] Margaret M. Boyd, Deputy Clerk of the United States District Court, in and for the Eastern Division of the Eastern Judicial District of Missouri.

"We, the undersigned, Chas. G. Revelle and P. H. Cullen, counsel of record in the above-entitled cause, hereby certify that the above application made by said Heber Nations is made in good faith by him.

"P. H. Cullen.

"Chas. G. Revelle."

Judge Faris, after hearing argument of counsel, on the day of the filing of the affidavit refused to take action for the designation of another judge, and set the case for trial on May 25, 1925. Exception was duly taken to this action of the judge.

On May 25th the case was taken up for trial before Judge Faris. All of the defendants pleaded not guilty. Later, the same day, defendants Charles S. Prather and Griesedieck Bros. Brewery Company changed their plea to guilty. Sentence was postponed. On motion of the government a severance was granted for a separate trial of defendant Raymond B. Griesedieck.

The trial of plaintiff in error resulted in a verdict of guilty. Sentence was pronounced of 18 months' imprisonment at Leavenworth and a fine of $3,333. Writ of error has brought the case here.

[1] There are a large number of assignments of error. Two of them challenge the action of the judge in refusing to disqualify himself and to take steps for the designation of another judge to try the case upon the filing of the affidavit above set out.

Section 21 of the Judicial Code reads as follows:

"Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in the section last preceding, or chosen in the manner prescribed in section twenty-three, to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be

shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. The same proceedings shall be had when the presiding judge shall file with the clerk of the court a certificate that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action."

This statutory provision has received judicial construction in a number of cases:

In Berger v. United States, 255 U. S. 22, 41 S. Ct. 230, 65 L. Ed. 481, the cases up to that time were reviewed, and it was held that the statute permits an affidavit by a party only; that the bias alleged must be a personal bias; that the judge may pass upon the sufficiency of the affidavit, but not upon the truth of the matters alleged; that the affidavit may be on information and belief if the facts are set forth as the basis of the belief; that the affidavit must be presented before the trial and not during the progress thereof.

In Keown v. Hughes (C. C. A.) 265 F. 572, it was held that the statute is to be strictly construed, that the affidavit must be accompanied by a certificate of counsel of record, and that the affidavit must state facts and must not contain irrelevant and scandalous matter.

In Chafin v. United States (C. C. A.) 5 F. (2d) 592, remarks of a judge indicative of a purpose to convict the defendant, and remarks condemning the defendant, as sheriff, for failure to enforce the prohibition laws, were held sufficient to show bias and prejudice under the statute.

Other cases in which the statute has been passed upon since the Berger Case are: Anchor Grain Co. v. Smith (C. C. A.) 297 F. 204; Saunders v. Piggly Wiggly Corp. (D. C.) 1 F.(2d) 582; Walker v. Wilkinson (C. C. A.) 3 F.(2d) 867; De Ran v. Killits (C. C. A.) 8 F.(2d) 840.

With these rulings in mind, let us examine the affidavit in the case at bar. It was made by a party to the action. It was not made and filed ten days before the beginning of the term of court, but good cause was shown for such failure. The trial had not commenced. Delay of the trial was not involved, for the trial was postponed by the court of its own motion for more than 30 days after the filing of the affidavit.

The affidavit states that the judge named has a personal bias or prejudice against defendant and in favor of plaintiff. The facts and reasons for the belief of defendant that such bias or prejudice exist are that he is informed and believes that certain persons connected with plaintiff and having a special interest in the prosecution have communicated to said judge what they alleged to be knowledge of facts and circumstances connected with the charges in the indictment; that as a result of said communication said judge has formed an ill feeling toward defendant, has formed an opinion that defendant is guilty, and that he has no meritorious defense. Further, that defendant is informed and believes that said judge has stated as his opinion and belief that defendant is guilty of the conspiracy charged in the indictment.

[2] It is true that the time and place of the communication to the judge and the person making it are not stated, and the time and place of the statement made by the judge and the person to whom made, are not stated. But we do not think that the affidavit need be so drawn as to fulfill the technical requirements of an indictment.

If it was true that some one connected with plaintiff had made a communication to the judge, giving what purported to be the facts in regard to the charges in the indictment, and the judge upon such communication had formed an opinion adverse to defendant, it was not of vital importance who the person was that made the communication, or the time and place of making it. And if it was true that the judge had stated that his opinion was that defendant was guilty of the conspiracy charged in the indictment, it was not of vital importance to whom the statement was made or the time and place of making it.

[3] Such details, if set out, might betoken verity in the affidavit if it were subject to attack. The affidavit, however, is not subject to attack, but is to be taken as true. And in any event the judge against whom the affidavit is filed cannot pass upon the truth or falsity of it. Berger v. United States, supra. The affidavit clearly states that defendant has received certain specified, definite information, which defendant believes to be true. If true, it would lead to the reasonable conclusion that the judge had a bias or a prejudice against defendant. Facing a false affidavit stand the penalties of perjury. Facing a false certificate of counsel stands the penalty of disbarment. The affidavit and the certificate are to be taken at their face value.

[4] The statute itself is plain in its terms and imperative in its requirements. There is little room for construction. The Supreme Court said in the Berger Case:

"There is no ambiguity in the declaration and seemingly nothing upon which construc-

tion can be exerted—nothing to qualify or temper its words or effect. It is clear in its permission and direction. It permits an affidavit of personal bias or prejudice to be filed and upon its filing, if it be accompanied by certificate of counsel, directs an immediate cessation of action by the judge whose bias or prejudice is averred, and in his stead, the designation of another judge. And there is purpose in the conjunction; its elements are complements of each other. The exclusion of one judge is emphasized by the requirement of the designation of another."

As to the possibility of abuse of the provisions of the section, the court in the same case has said:

"Our interpretation of section 21 has therefore no deterring consequences, and we cannot relieve from its imperative conditions upon a dread or prophecy that they may be abusively used. * * * We must conclude Congress was aware of them and considered that there were countervailing benefits. At any rate we can only deal with the act as it is expressed and enforce it according to its expressions. Nor is it our function to approve or disapprove it; but we may say that its solicitude is that the tribunals of the country shall not only be impartial in the controversies submitted to them but shall give assurance that they are impartial, free, to use the words of the section, from any 'bias or prejudice' that might disturb the normal course of impartial judgment. And to accomplish this end the section withdraws from the presiding judge a decision upon the truth of the matters alleged."

In our opinion the affidavit in the case at bar was sufficient, both in form and substance to meet the requirements of section 21 of the Judicial Code.

Our conclusion is that it was error for the presiding judge to proceed with the trial of the case after the filing of the affidavit, and for that reason the judgment must be reversed.

It is so ordered.