David L. FREED, Daniel G. Freed and Peter Freed, d/b/a Freed Finance Company, a partnership, Plaintiff,

v.

INLAND EMPIRE INSURANCE COMPANY, an Idaho corporation, Defendant,

Leo O'Connell, Commissioner of Insurance of the State of Idaho, Defendant and Intervenor,

G. A. Bushnell, Receiver of Trans-Pacific Insurance Company, Intervenor.

No. C-157-55.

United States District Court
D. Utah,
Central Division.

Oct. 29, 1958.

See also, 154 F.Supp. 855.

David K. Watkiss and Calvin L. Rampton, of Pugsley, Hayes, Rampton & Watkiss, Salt Lake City, Utah, for receiver.

Donald E. Schwinn, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, for claimant.

CHRISTENSON, District Judge.

This court ruled initially that the claim of the law partnership of Lewis, Roca, Scoville and Beauchamp against the receiver should be treated as an ordinary claim not entitled to preference. The United States Court of Appeals for the Tenth Circuit reversed, " * * * with instructions to allow the claim of the appellant as a preferred claim." Lewis, Roca, Scoville & Beauchamp v. Inland Empire Insurance Company, 10 Cir., 1958, 259 F.2d 318. Upon return of the mandate to this court the claimant prepared a form of judgment providing not only for the approval of its claim as a preferred one, but for its immediate payment by the receiver. Upon objection by the receiver, and the filing by it of a petition by way of counterclaim against the partnership, the court declined to order

874

immediate payment (without prejudice to a further application), but entered judgment in accordance with the mandate of the appellate court as follows:

" * * * that the judgment of this Court heretofore entered on January 23, 1958, be and is hereby reversed and the claim of Lewis, Roca, Scoville & Beauchamp in the amount of Eleven Thousand Six Hundred Twenty-four Dollars and Seventy Cents ($11,624.70) plus interest at six per cent (6%) from October 29, 1957, to the date of payment, and costs * * * is hereby allowed and approved as a preferred claim arising out of a valid attachment lien on bonds deposited by Inland Empire Insurance Company with the Commissioner of Insurance of the State of Kentucky prior to the receivership, which bonds were removed from the State of Kentucky by the receiver after its appointment."

The claimant has now moved for an order requiring the receiver to immediately pay this preferred claim. The receiver resists on the ground that it has a valid counterclaim against the partnership, growing out of other affairs of the Inland Empire Insurance Company, for substantially more than the amount owing by virtue of the attachment.

A ruling on claimant's motion is deemed to depend upon the jurisdiction of this court to entertain such counterclaim, an interpretation of the appellate court's mandate in view of the claims heretofore filed by the claimant and a stipulation between the parties, and (if these factors are favorable to the receiver's position) the sound and reasonable discretion of the court.

Non-residents who present claims against corporate receivers subject themselves to all consequences that attach to an appearance, including the interposition of a counterclaim against them by the receiver. Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192.

The petition for judgment filed by the receiver in the nature of a counterclaim alleges that members of the claimant partnership in the course of its legal representation of Inland Empire Insurance Company and as directors and officers thereof, were guilty of serious breaches of their fiduciary responsibilities, and that as a result of fraudulent acts and manipulations alleged in the petition the company suffered damages of $300,000, for which the receiver prays judgment. Without passing now upon the technical sufficiency of the petition to state a claim against the partnership as such, it does appear that it is one of the kind that could be decided in such a proceeding as this, and that if the allegations of the petition are true, the receiver would be entitled to relief.

The claimant says it has pending no claim against the receiver which affords the court jurisdiction of the counterclaim within the doctrine of Alexander v. Hillman, supra, for the reason (a) that the receiver's petition technically is not against the partnership but rather against only some of its members; (b) that any claim filed with the receiver was for specific bonds in which it had a special interest by virtue of its attachment, and was not a claim in the ordinary sense; (c) that the stipulation between the partnership and the receiver had the effect of requiring payment by this court forthwith upon a finding that the claimant's attachment was valid; (d) irrespective of the stipulation, the result of the circuit court's reversal of this court's decision was to entitle the claimant to a judgment for payment "and there can be no counterclaim against a judgment"; and (e) for the court to do anything other than to order payment of the claim forthwith would be to vitiate the judgment of the circuit court.

Most of these contentions can be resolved by references to the record.

On September 14, 1955 claimant filed suit against Inland Empire Insurance Company in Arizona for the amount of $20,127.12 and costs. On October 6,

1955 a default judgment was entered in Arizona.

On November 8, 1955, suit having been brought in Kentucky on this judgment, an attachment was served upon property in the hands of the Kentucky Department of Insurance, including the bonds mentioned in Lewis, Roca, Scoville & Beauchamp v. Inland Empire Insurance Company, supra.

On November 30, 1955 an order was entered by this court appointing a receiver for Inland Empire Insurance Company.

June 18, 1956, claimant filed with the receiver claim for $20,127.12, with interest and costs, based upon the Arizona judgment, and describing the status of an appeal from this judgment which was then pending but which later was dismissed. This was an ordinary claim upon a regular proof of claim form.

In 1956 subsequent to the date last mentioned, claimant filed a partial satisfaction of the Arizona judgment to the extent of $10,506.94.

Again in 1956 in a suit brought by the receiver against the Commissioner of the State of Kentucky (of which claimant had no notice) the bonds covered by claimant's attachment (of which attachment proceedings there is no proof that the receiver had notice) were ordered delivered to the receiver.

October 29, 1957, claimant and counsel for the receiver entered into a written stipulation reciting, among other things, the previous filing of the former's claim with the receiver, the proceedings in Arizona and Kentucky upon which the claim was based, and that " * * * claimant has not in fact obtained judgment in Kentucky solely because, in view of the transfer of the assets out of Kentucky as described above, it has seemed a desirable economy both to claimant and to the receiver to avoid the expenditure of funds required for taking further steps in Kentucky; but it is stipulated that the matter may be treated as if the judgment had been obtained in Kentucky." It was further recited that:

" * * * Claimant contends that it is a preferred creditor entitled to payment in full in the amount of its original judgment with interest less the amount of the partial satisfaction of judgment filed by it in the Maricopa County (Arizona) Superior Court. This claim is based upon either (a) its Arizona judgment; or (b) in the alternative, upon the Kentucky proceedings and the attachment filed in connection therewith. Claimant contends that the Arizona judgment is res judicata and that the Kentucky attachment, being prior in date to the institution of this receivership, requires payment in full to it.

" * * * The receiver, on the other hand, contends that the Arizona judgment is invalid because of defect of service, and that the judgment is not res judicata of the questions of service; and that the Kentucky proceedings, including the attachment, do not have the effect of giving the claimant the rights and priority claimed.

" * * * It is agreed that the matter will be submitted for decision to the court of the receivership, the parties waiving their rights to press any contentions in any other court or jurisdiction which the court of the receivership is capable of deciding, except by appeal. Specifically, it is agreed that if the claimant is entitled to any payment from the funds removed by the receiver from Kentucky, that such payment may be made by this Court without reference by either party back to the Kentucky court, this to the end of avoiding and precluding the expense of supplemental litigation."

With the filing of this stipulation the following "Petition for Allowance of Claim" was submitted by the claimant:

"Lewis, Roca, Scoville & Beauchamp, a partnership engaged in the practice of law in Phoenix, Arizona, herein claims $11,624.70. This ac-

count has been previously and duly made and is restated here as a convenience to the Court in connection with the motion made herein."

On January 27, 1958, from an adverse ruling by the trial court on its claim for preference, the claimant filed the following "Notice of Appeal":

"Notice is hereby given that Lewis, Roca, Scoville & Beauchamp, a partnership, claimant against the Receiver in the captioned matter, appeals to the United States Court of Appeals for the Tenth Circuit from the order entered therein by the above designated court on January 23, 1958 in so far as said order holds that the claim of Lewis, Roca, Scoville & Beauchamp is not entitled to any preference as to the bonds obtained by the Receiver from the Department of Insurance of the State of Kentucky or as to any other assets in the hands of the Receiver."

On August 11, 1958, the United States Court of Appeals filed its opinion, the opening and closing paragraphs of which fairly characterized the point at issue and decided as follows:

"To collect an Arizona judgment against an Idaho insurance company attachment proceedings were brought in Kentucky. Thereafter the attached property passed into possession of the receiver for the insurance company appointed by the United States District Court for the District of Utah. The judgment creditor, appellant here, filed its proof of preferred claim in the Utah receivership proceedings. The basis for the judgment was a debt due appellant from the insurance company for legal services rendered to that company. With the commendable purpose of eliminating unnecessary litigation, the parties stipulated that the Utah court should determine their respective rights. That court allowed the claim as a general claim but held that it was entitled to no preference because of the Kentucky

attachment. The sole issue presented by this appeal is the validity of the Kentucky attachment.

"This case is another episode in the litigation involving the Inland Empire Insurance Company. We are not confronted with any problem of interference by a federal court with an attachment by a state court. By their stipulation the parties have waived their rights to press their contentions in any court other than the United States District Court for the District of Utah, excepting only an appeal from the decision of that court. As the Kentucky attachment preceded the Utah receivership, the claim is entitled to preference if that attachment is valid.

\* \* \* \* \* \*

"In the final analysis, Kentucky required the deposit for the benefit of all policyholders and creditors in the United States. It did not take away from them the remedy of attachment. Under the circumstances, the attachment was valid.

"The judgment is reversed with instructions to allow the claim of the appellant as a preferred claim."

The mandate from the circuit court concluded as follows:

\* \* \* "On consideration whereof, it is ordered and adjudged by this court that the judgment of the said district court in this cause be and the same is hereby reversed, that this cause be and the same is hereby remanded to the said district court with instructions to allow the claim of the appellant as a preferred claim, and that Lewis, Roca, Scoville & Beauchamp, a partnership, appellant have and recover of and from Inland Empire Insurance Company, appellee, their costs herein.

"August 11, 1958.

"You, therefore, are hereby commanded that such further proceedings be had in said cause in conformity with the opinion and judgment of this court as according to right

and justice, and the laws of the United States, ought to be had."

On claimant's motion for immediate payment of its preferred claim, this court concludes as follows:

If the petition of the receiver technically is not sufficient to state a claim against the claimant as such its fair intendment is to that effect, and it would be more appropriate to test that question in regular course upon the receiver's petition rather than to summarily order payment of the claim of the claimant without reference to the merits of the receiver's petition.

The claim filed by the claimant against the receiver was not for specific bonds or for possession thereof but, construed most favorably to the claimant, the original claim was for a preference against assets of the receivership and the amended claim or motion filed simultaneously with the stipulation was to the same effect.

The stipulation did not change the basic nature of claimant's claim which remained one for a preference, based upon the Arizona judgment and the Kentucky attachment. The parties entered into the stipulation primarily to permit this court to decide whether there was a valid basis for a preferred claim here in spite of the incompleted Kentucky proceedings.

The circuit court's decision decided only that claimant was entitled to a preference and neither in form, spirit, intent or letter assumed to direct payment forthwith or without reference to offsets or counterclaims.

■ The fact that a claim against a receiver is founded upon a judgment or other legal proceedings in another jurisdiction ordinarily does not deprive the court of its usual powers in administering the receivership.

It has not been decided heretofore by this court or the circuit court, or agreed between the parties, that the Arizona judgment or the Kentucky proceedings should be res judicata of any claim of the receiver against the claimant; and if any prior proceeding has such an effect, this can best be determined by a consideration of the receiver's petition on its merits in view of such possible defense.

■ The court of equity in a receivership proceedings has a sound discretion in determining the time of payment of claims, which neither under the circuit court's opinion nor the general rule governing federal receiverships become payable automatically and immediately upon allowance.

■ There appears no legal reason why the preferred claim of claimant must be paid forthwith and in advance of at least some consideration of the merits of the receiver's counter petition. There are preponderate reasons why, prior to the payment of the preferred claim, the merits of the receiver's petition should be inquired into. Since the claim will be drawing 6% interest in the meantime, no real prejudice to the claimant can be perceived.

The claimant's motion for immediate payment of its preferred claim is hereby denied.