263 F.2d 536
 LEWIS, ROCA, SCOVILLE & BEAUCHAMP, a partnership, Petitioner,
v.
The Honorable A. Sherman CHRISTENSON, Judge, United States District Court for the District of Utah, Respondent,
Continental Bank & Trust Company, Respondent in Intervention.
 No. 6047.
 United States Court of Appeals Tenth Circuit.
 January 19, 1959.
 
 John P. Frank, Tucson, Ariz., for petitioner.
 Calvin L. Rampton, Salt Lake City, Utah (David K. Watkiss and Arthur H. Nielsen, Salt Lake City, Utah, on the brief), for respondent in intervention.
 Before HUXMAN, MURRAH and BREITENSTEIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lewis, Roca, Scoville & Beauchamp, a partnership, has moved for leave to file a petition for a writ of mandamus directed to the Honorable A. Sherman Christenson, Judge of the United States District Court for the District of Utah, and based on asserted noncompliance with the mandate of this court in case No. 5835 entitled Lewis, Roca, Scoville & Beauchamp, a partnership, Appellant, v. Inland Empire Insurance Company, Appellee.[1] Continental Bank & Trust Company, receiver for Inland Empire Insurance Company, has sought leave to intervene and tendered an answer to the petition for mandamus.
 
 
 2
 The motion for leave to file the petition for mandamus is granted as is also the petition of the receiver to intervene. The answer of the receiver is accepted for filing. The case has been adequately briefed and argued in connection with these preliminary matters.
 
 
 3
 The pertinent facts prior to remand are set out in our opinion in case No. 5835. After remand the receiver filed a "petition for judgment" which in effect was either a counterclaim or setoff. The trial court entered judgment for the partnership but refused to order immediate payment, holding that payment must await determination of the receiver's "petition for judgment."
 
 
 4
 In case No. 5835 we held that the Kentucky attachment brought by the partnership to collect its Arizona judgment was good. The Utah receivership proceedings came after the Kentucky attachment. The receiver by action in the United States District Court for the Eastern District of Kentucky, to which the partnership was not a party, secured possession of the attached securities, converted them to cash and holds the proceeds in Utah.
 
 
 5
 The stipulation of the parties that the validity of the Kentucky attachment be determined by the Utah court, while commendable from the standpoint of permitting the expeditious determination of rights, has resulted in the present difficulty. The securities were subject to the lien of the attachment when taken and converted by the receiver. The preference to which the partnership is entitled is to have its claim immediately paid out of the attached property without any impediment arising from interference by the receiver with that property. Such was the intent of our mandate.
 
 
 6
 The praiseworthy solicitude of the trial court for the orderly disposition of the receivership proceedings cannot deprive the partnership of the advantage gained by the prior attachment or create in the receiver any advantage resulting from its conversion of the securities in disregard of the attachment. We deemed that our mandate was clear in the then posture of the case. The events which have transpired since remand do not deprive the partnership of its right to immediate payment out of the attached property.
 
 
 7
 Mandamus is the proper remedy to enforce compliance with a mandate.[2] Accordingly the writ is granted and the respondent is directed to enter an appropriate order requiring the receiver to pay forthwith the claim of the partnership out of the proceeds obtained by the receiver from the sale of the attached securities. We decline to determine in this proceeding any issues relating to the receiver's "petition for judgment."
 
 
 
 Notes:
 
 
 [1]
 Reported at 259 F.2d 318
 
 
 [2]
 United States v. United States District Court for the Southern District of New York, 334 U.S. 258, 263-264