**UNITED STATES of America,**
**Plaintiff,**

v.

**William Edward LOVE, Defendant.**

**Crim. No. 9167.**

United States District Court
D. North Dakota,
Southeastern Division.

Oct. 27, 1966.

Gary Annear, and Kermit Edward Bye, Asst. U. S. Attys., Fargo, N. D., for plaintiff.

George E. Sorlie, Hillsboro, N. D., for defendant.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

On October 24, 1966, the Defendant filed with the Clerk an instrument styled "Motion for Affidavit of Prejudice."

This instrument apparently was filed pursuant to 28 U.S.C.A. Sec. 144, which provides:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

The instrument which the Defendant filed is more in the nature of a motion rather than an affidavit since it was not sworn to and contains no allegations of fact or the reasons for the belief that bias or prejudice exists. Moreover, the required certificate of counsel of record stating that the affidavit was made in

good faith did not accompany the instrument which the Defendant filed.

A very exhaustive treatment of the subject matter of this motion was effected by my brother Sirica in United States v. Hanrahan, D.C., 248 F.Supp. 471 (1965), which recites, among other things:

" * * * a Court may not pass upon the truth or falsity of the allegations, but must accept them as true for the purpose of determining the legal sufficiency of the affidavit. See Berger v. United States, 255 U.S. 22, 26, 41 S.Ct. 230, 65 L.Ed. 481 (1921); Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); Korer v. Hoffman, 212 F.2d 211, 45 A.L.R.2d 930 (7th Cir. 1954). 'He is precluded from refusing to recuse himself by any inquiry into or discovery about the truth or falsity of the facts alleged. In other words, the judge is denied that 'day in court' to whose provision for others he owes his very office.' United States v. Parker, 23 F.Supp. 880, 882–883 (D.N.J.1938), aff'd, 103 F.2d 857 (3rd Cir.), cert. denied, 307 U.S. 642, 59 S.Ct. 1044, 83 L.Ed. 1522 (1939). 'In the last analysis, the statute involved is not concerned with the actual state of mind of the judge or litigant, but only with what the latter is willing to incorporate in an affidavit and counsel to indorse.' Johnson v. United States, 35 F.2d 355, 357 (D.C.W.D.Wash.1929). If the affidavit, application and certificate of counsel comply with the statutory standards, the judge has no alternative but to recuse himself, no matter how defamatory the charges may be and even if they are known to the Court to be false. See Morse v. Lewis, 54 F.2d 1027, 1031 (4th Cir.), cert. denied, 286 U.S. 557, 52 S.Ct. 640, 76 L.Ed. 1291 (1932); Freed v. Inland Empire Ins. Co., 174 F.Supp. 458, 461 (D. Utah 1959). On the other hand, if the statutory requirements are not satisfied, it is the duty of the judge to refuse to disqualify himself. See Simmons v. United States, 302 F.2d 71 (3rd Cir. 1962); In re Federal Facilities Realty Trust Co., 140 F.Supp. 522, 524 (N.D.Ill.1956). As stated in In re Union Leader Corp., 292 F.2d 381, 391 (1st Cir. 1961), 'There is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is.' Thus, the mere filing of an affidavit of prejudice does not automatically disqualify a judge, United States v. Gilboy, 162 F.Supp. 384, 388 (M.D.Pa. 1958), but the judge must pass upon the legal sufficiency of the facts wellpleaded, see Green v. Murphy, 259 F.2d 591, 593 (2d Cir. 1958); Eisler v. United States, 83 U.S.App.D.C. 315, 170 F.2d 273, 278 (1948)."

"While factual allegations may not be controverted, it appears to be beyond dispute that the statutory requirements must be strictly followed, see, e. g., Scott v. Beams, 122 F.2d 777, 788 (10th Cir. 1941), cert. denied, Brady v. Beams, 315 U.S. 809, 62 S.Ct. 794, 86 L.Ed. 1208 (1942); In re Federal Facilities Realty Co., supra, 140 F.Supp. at 524, and that the affidavit itself must be strictly construed, see, e. g., United States v. Gilboy, supra, 162 F. Supp. at 388; Sanders v. Allen, 58 F. Supp. 417, 420 (S.D.Cal.1944). It must state facts as opposed to conclusions, Inland Freight Lines v. United States, 202 F.2d 169, 171 (10th Cir. 1953), and while the information and belief of the affiant as to the truth of the allegations are sufficient, Berger v. United States, supra, 255 U.S. at 34, 41 S.Ct. 230, mere rumors and gossip are not enough, Id. at 33, 41 S.Ct. 230. The identifying facts of time, place, persons, occasion and circumstances must be set forth, Johnson v. United States, supra, 35 F.2d at 357, with at least that degree of particularity one would expect to find in a bill of particulars, see Morse v. Lewis, supra, 54 F.2d at 1032; United States v. Gilboy, supra, 162 F.Supp. at 392–393, although the detail of an indictment is not demanded, Nations v. United States, 14 F.2d 507 (8th Cir.), cert.

denied, 273 U.S. 735, 47 S.Ct. 243, 71 L.Ed. 866 (1926). The requirement that facts and reasons supporting the belief of bias be stated in the affidavit removes the averments from the irresponsibility of unsupported opinion and thus affords protection against the obvious possibility of abuse. See Berger v. United States, supra, 255 U.S. at 33, 41 S.Ct. 230."

Treating the instrument filed by Defendant on October 24, 1966, as a purported affidavit of prejudice, because it is clearly insufficient, untimely and is unaccompanied by the certificate of counsel referred to, the Court is of the opinion that it must refuse to disqualify itself and that the purported affidavit should be and it is hereby stricken from the record as legally insufficient.