**Marvin McKinley MORRISON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 29033**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 6, 1970.

Rehearing Denied and Rehearing En Banc Denied Nov. 17, 1970.

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Marvin McKinley Morrison, pro se.

Eldon B. Mahon, U. S. Atty., W. E. Smith, Asst. U. S. Atty., Fort Worth, Tex., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The District Court denied appellant's § 2255 motion after an evidentiary hearing. We affirm.

Appellant was convicted of bank robbery. The chief government witness was a codefendant, McDonald, who had pleaded guilty and was awaiting sentence. Appellant's main contention is that McDonald's testimony was false and that it materially or conclusively contributed to his conviction.

Since the trial McDonald has undergone a series of changes of position. Some months after trial he signed a statement that his testimony had been false. Then he repudiated the recantation. Next he disaffirmed the repudiation. At the evidentiary hearing on the motion to vacate he testified to many respects in which he said his trial testimony was false.

The District Judge conducted a massive evidentiary hearing and filed a lengthy and comprehensive opinion. He found that McDonald's testimony at the trial was true and that the recantation was produced by duress from appellant. The credibility choices and findings of fact made by the District Court are not clearly erroneous. They are supported by ample and substantial evidence.

There is no merit to the claim that appellant was improperly denied process to secure material witnesses for

the evidentiary hearing. The court had appointed counsel for him, and no contention is made to us that counsel was ineffective. No subpoenas were sought for the witnesses of whose absence appellant complains.[1]

■ The District Judge, the Honorable Leo Brewster, did not err in overruling the motion in the § 2255 proceeding to disqualify himself under 28 U.S. C. § 144 for alleged bias and prejudice. Section 144 requires that the party's affidavit stating the facts and the reasons for his belief that bias or prejudice exists be accompanied by a certificate of counsel of record stating that it is made in good faith. The requirement of the certificate by counsel is to prevent abuse. Under this section,

> [c] counsel of record * * * has an obligation which he owes to the court as well as to his client, and he owes a public duty to aid the administration of justice, to uphold the dignity of the court and respect its authority.

United States v. Onan, 190 F.2d 1, 6–7 (8th Cir.), cert. denied, 342 U.S. 869, 72 S.Ct. 112, 96 L.Ed. 654 (1951). The requirement is founded on the assumption that counsel will not execute a certificate in reckless disregard of the truth. Mitchell v. United States, 126 F.2d 550, 552 (10th Cir.1942). It protects against an obviously untruthful affidavit, Boyance v. United States, 275 F.Supp. 772, 775 (E.D.Pa.1967), or an unjustified attempt by a party to disqualify a judge.

Freed v. Inland Empire Insurance Co., 174 F.Supp. 458, 464 (D.Utah 1959).

■ Appellant commenced his § 2255 case pro se and in his first document made the claim of bias and prejudice and asked that counsel be appointed for him. Counsel was appointed,[2] and filed supplemental pleadings but did not file a certificate that the motion to disqualify was in good faith. We need not decide whether the affidavit would have been sufficient if filed by a petitioner proceeding throughout without counsel.[3] On June 30, when this matter was decided by Judge Brewster, appellant was, and since June 12 had been, represented by counsel, who had not filed the certificate of good faith. Thus, the affidavit was insufficient and, although Judge Brewster based his denial of the motion on other grounds, which we do not reach, his denial was correct.

■ There is no merit to the contention that the District Judge, who as sentencing judge had seen appellant's presentence report, was barred as a matter of law from acting on the motion to vacate because possessed of information concerning the appellant not formally introduced into evidence. For sound reasons the sentencing judge is allowed to have and to employ that data in the first instance. His knowledge does not bar him from acting on a § 2255 motion.

Other contentions made by appellant do not justify discussion. We have considered all of them, and the decision of the District Court is affirmed.

---

1. Midway through the evidentiary hearing appellant asked that his appointive counsel be relieved because he was dissatisfied with their services, and the court granted the request. Nothing was then said about any failure to subpoena witnesses. (Earlier, other appointive counsel for appellant on his direct appeal had been subjected to a series of threats, abusive vilification and ultimatums from appellant, who demanded that his direct appeal be dismissed. On appellant's specific written demand the appeal was dismissed.)

2. Counsel was appointed June 12 and released on June 17 because of a conflict of engagements, and his son appointed.

However, the conflict dissipated and both father and son were present and participated in the evidentiary hearing.

3. See Freed v. Inland Empire Insurance Co., supra, and Alaska Bar Assn. v. Dickerson, 240 F.Supp. 732 (D.Alaska 1965). See also United States v. Hanrahan, 248 F.Supp. 471, 481 (D.D.C.1965), in which the court held an affidavit by a pro se defendant was legally insufficient for lack of the required certificate of counsel. But the court appointed counsel for defendant who entered an appearance and filed the necessary certificate. The court then held the affidavit insufficient on other grounds.

**1230**

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.