R. Stuart HUFF, as Trustee, Plaintiff,

v.

STANDARD LIFE INSURANCE CO., a Mississippi Corp., Defendant.

No. 79-1941-CIV.

United States District Court,
S.D. Florida.

July 21, 1986.

R. Stuart Huff, Miami, Fla., Steven A. Pappy, Coral Gables, Fla., for plaintiff.

W.M. O'Brien, Fleming, O'Brien, Fleming, Ft. Lauderdale, Fla., for defendant.

## OPINION AND ORDER DENYING MOTION OF RECUSAL AND REJECTING AFFIDAVIT OF BIAS UNDER 28 U.S.C. § 144

JAMES LAWRENCE KING, Chief Judge.

On the eve of trial, plaintiff filed a third motion for recusal of the Honorable Norman C. Roettger, Jr., presiding judge[1] in this case.

Title 28 U.S.C. § 144[2] permits any party to file one "timely and sufficient affidavit" for the purpose of disqualifying the judge presiding in the case. Clearly, the first two motions alleging bias and prejudice, although not accompanied by an affidavit required by the statute, were in truth and fact attempts under § 144 to recuse. All three motions were filed by the same individual attorney acting on behalf of himself as the plaintiff and the attorney and rely upon substantially the same factual basis in each of the three motions. Two new grounds for bias are asserted in this motion, (a) deliberate retention of the case by Judge Roettger after it had been assigned to newly appointed Judge Stanley Marcus when he came on duty on August 16, 1985; and (b) refusal of a young lady friend of the plaintiff-lawyer's to date the judge. The filing of serial motions to disqualify for bias and prejudice is prohibited by § 144, and that reason standing alone, is sufficient for the denial of this third motion to disqualify.

▮ This section of the law, providing for disqualification of a trial judge for bias or prejudice, has been very strictly construed in order to safeguard the judiciary from frivolous attacks upon its dignity and integrity, and to avoid the interruption of its ordinary and proper functioning. *U.S. v. Valenti,* 120 F.Supp. 80; *U.S. ex rel.*

---

1. The complaint in this case was filed April 24, 1979, and is presently pending on remand from the United States Court of Appeals for the Eleventh Judicial Circuit where it would have been tried on June 9, 1986, except for the filing of this motion to disqualify the trial judge. At all times, since the filing of the complaint, the case has been presided over at the district court level by Judge Roettger, to whom the case had been assigned under the blind rotational system of fair and equal distribution among the active judges of the United States District Court for the Southern District of Florida, as established by official court policy. Rule 4, Local Rules of Court.

2. Title 28, United States Code, Section 144. *Bias or prejudice of judge.*

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

*Rogers v. Richmond,* 178 F.Supp. 44, (D.C. Conn.1958); *U.S. v. 16,000 acres of land,* 49 F.Supp. 645, (D.C.Kan.1942); *Scott v. Beams,* 122 F.2d 777, (10 Cir.1941); *U.S. v. Hanrahan,* 248 F.Supp. 471, (D.C.D.C. 1965); *Freed v. Inland Empire Ins. Co.,* 174 F.Supp. 458, (D.C.Utah). The basis for the rule of strict construction is grounded upon the sound principle that there is the possibility of substantial abuse since the harsh remedy of cessation of trial proceedings is mandated if the allegations purport to state a cause for bias. The practice of utilizing the provisions of § 144 in a last minute attempt to obtain a continuance or postponement of a trial has been soundly condemned by the courts. *Peckham v. Ronrico Corp.,* 288 F.2d 841, (1 Cir.1961); *Knoll v. Socony Mobile Oil Co.,* 369 F.2d 425, (10 Cir.1966); *Faubus v. U.S.,* 254 F.2d 797, (8 Cir.1958); *Eisler v. U.S.,* 170 F.2d 273 (1948).

In spite of the fact that most of the matters alleged in the third motion to disqualify have been previously litigated and determined adversely to plaintiff's contentions herein (order of July 10, 1980—docket entry 61; *Huff v. Standard Life Insurance Co.,* 683 F.2d 1363 (11 Cir.1982); order dated April 25 1984, docket entry 110) the court will analyse the two new allegations set forth above in this third attempt to disqualify the judge.

## PROCEDURE FOR JUDICIAL DETERMINATION

At the outset, a procedural matter should be clarified in order to justify the involvement of the chief judge in this matter.

28 U.S.C. § 144, although available to counsel in one form or another for over half a century, has rarely been used in the Southern District of Florida. Examining the cited cases from other jurisdictions, one finds that the procedures and applications of the statute have varied somewhat. The language of the statute itself implies that the judge to whom the affidavit of bias and prejudice is addressed should consider and rule upon it himself.

In *Berger v. U.S.,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1920) the Supreme Court held that the judge in the case is entitled to pass upon the affidavit himself. Neither the statute nor the cases following the *Berger* case rule out the possibility, however, on referring the affidavit to another judge for consideration. In *United States v. Grinnell Corp.,* 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966) the Supreme Court pointed out in a footnote that the presiding judge in that case had referred the matter to the chief judge of the circuit for evaluation. The court expressed no view concerning the appropriateness of that procedure. A similar suggestion had been made in *Berger* in a dissent written by Justice Day (*supra* 255 U.S. at 41, 41 S.Ct. at 235), see also *Los Angeles Trust Deed and Mortgage Exchange v. Securities and Exchange Commission,* 285 F.2d 162 (9 Cir.1960).

█ There being no express authority to the contrary, and because it is a reasonable and practical solution to the problem, I find that it is proper for the chief judge of the district, in this particular case, to consider whether the two new matters alleged in the affidavit filed against Judge Roettger, meet the requirements of 28 U.S.C. § 144.

Any analysis of the statute requires an evaluation of "timeliness" and "sufficiency."

## TIMELINESS

█ A party must proceed with absolute diligence to raise the disqualification of a judge at the earliest possible moment after learning of facts giving rise to a belief of a demonstration of bias or prejudice indicating disqualification. *U.S. v. Patrick,* 542 F.2d 381, (7 Cir.1976); *In re: Martin-Trigona,* 573 F.Supp. 1237, (D.C.Conn.1983); *U.S. v. International Business Machine Corp.,* 475 F.Supp. 1372, (D.C.N.Y.1979).

█ In the case under consideration all of the grounds of alleged bias, except one, have been well known to the plaintiff-lawyer for many years. The membership in the law firm prior to his appointment,

and the representation by that firm by that judge in a real estate closing in 1977 and May of 1978, have been previously litigated by this plaintiff in motions filed June 10, 1980 (membership in firm) and May 2, 1983 (membership in firm and real estate closing representation.) Raising these previously litigated matters which have already been held on appellate review to not require disqualification is not timely under the law. *Huff v. Standard Life, supra.* The suggestion of bias upon the ground that a lady who the plaintiff-lawyer dated from 1977 until 1980 had, on one occasion, discussed her friendship with the plaintiff-lawyer in explanation of her reason for her declining an invitation by Judge Roettger to date the judge, must have been known to the plaintiff-lawyer for at least the past six years under the terms of his affidavit. To raise this ground as a basis for disqualification under the statute is to fall woefully short of the strict requirement for timely filing of such a motion. This is particularly true in light of the participation of this plaintiff-lawyer in extensive motion practice, evidentiary hearings, trials, and participation in this case for over six years. *U.S. v. Civella,* 416 F.Supp. 676, (D.C.Mo.1975); *Dunlap Corp. v. Deering Milliken, Inc.,* 400 F.Supp. 497, (D.C.S.C.1975); *Singer v. Wadman,* 745 F.2d 606 (10 Cir.1984); *U.S. v. Hurd,* 549 F.2d 118, (9 Cir.1977).

In *Andrews, et al, vs. General Ins. Co. of America,* 418 F.Supp. 304 (D.C.Okl. 1976), it was held that an affidavit of bias or prejudice against a judge must be filed before a litigant participates in the proceedings or invokes affirmative action of the court. Here, where the affidavit of bias or prejudice was filed six days before trial, and after the plaintiff-lawyer had obtained one continuance of an earlier scheduled trial in April of 1986, the court must conclude that the filing of the affidavit was calculated solely to prevent the trial from being held on the date to which it had been continued by the trial judge at the request of the plaintiff-lawyer. Cases construing similar circumstances have held this to be an untimely filing. *Davis v. City Service Oil Co.,* 420 F.2d 1278, (10 Cir.1970); *Rous-*

*sel v. Tidelands Capital Corp.,* 438 F.Supp. 684, (D.C.Ala.1977).

In *U.S. v. Boffa,* 513 F.Supp. 505, (D.C. Del.1981), the defendant had knowledge of the factual basis for his affidavit of recusal since his arraignment, and thereafter he and his counsel actively participated in substantial and protracted pre-trial proceedings, with full knowledge by the defendant's attorney of the facts giving rise to the recusal at least four weeks before the motion for recusal was filed, it was held that the recusal was not timely. See also *U.S. International Business Machines Corp.,* 475 F.Supp. 1372, (D.C.N.Y.1979); *Rademacher v. City of Phoenix,* 442 F.Supp. 27, (D.C.Ariz.1977).

Turning to a consideration of the last ground of alleged bias, namely that Judge Roettger refused to follow court policy and the transfer procedures for assignment of cases to newly appointed Judge Stanley Marcus in August 1985, it is the finding of this court that this ground is neither asserted timely, nor with the requisite sufficiency to justify granting of the motion to quality.

As to timeliness, it is clear that the plaintiff-lawyer knew, or could have easily ascertained from the public records in the office of the Clerk of Court, the facts pertaining to transfer of cases to new judges in August 1985. He has again demonstrated a lack of diligence in waiting almost one year to raise this issue as a ground for recusal on June 2, 1986, six days before trial.

It is clear that where the alleged acts set forth in the affidavit is known, or knowable, with due diligence from public records or otherwise, that delay of over ten months is unacceptable and mandates denial of the petition. *Hirschkop v. Virginia State Bar Ass'n.,* 406 F.Supp. 721, (D.C.Va. 1975).

Turning to a consideration of the sufficiency of the particular assertion in the affidavit, it is clear that the plaintiff-lawyer's statement is based upon unidenti-

fied hearsay. The plaintiff-lawyer states "My office was informed twice by the Clerk's Office that this case had been reassigned to Judge Marcus. I do not have the knowledge of the procedure for transfer, but I was told that Judge Roettger merely had to sign the transfer order and reassignment would have been complete. I was told that he had not signed the transfer order." The affidavit goes on to recite that this indicates to the plaintiff-lawyer that Judge Roettger was determined to keep the case in violation of established policy of the United States District Court for the Southern District of Florida.

Under these circumstances it is clear that the plaintiff-attorney has filed an affidavit with respect to this particular ground, conclusory in nature, and based on no more than a statement passed along to him by an unnamed staff member from an unnamed source in the "Clerk's Office." This falls far short of the careful and thorough investigation and due diligence required by the case law on the subject of an individual wishing to invoke the harsh sanctions of 28 U.S.C. § 144. The court finds that this ground of the motion to recuse the trial judge is both untimely and insufficient as a matter of law.

The assignment of all civil and criminal cases in the United States District Court for the Southern District of Florida has been carefully structured so as to insure a completely fair and even distribution, on a blind rotation basis of the workload of each United States District Judge. A serious and heavy responsibility reposes in each judge to refrain from recusing himself unless proper and adequate grounds therefore exist. For any judge to rule otherwise, simply because a litigant did not wish his or her case heard by that particular judge, would be to totally disrupt the orderly and blind random assignment of cases in this district. It would have the effect of causing an undue and unfair burden of extra work to fall on the shoulders of another judge in this court.

Situations far more egregious than any of the grounds set forth in the affidavit in the instant case have been held to be without merit. *United States v. Phillips,* 664 F.2d 971 (5th Cir.1981); *United States v. Cerrella,* 529 F.Supp. 1373, (D.C.Fla.1982).

### CONCLUSION

For the reasons set forth in the foregoing opinion, the court concludes that the affidavit filed by plaintiff-attorney R. Stuart Huff, June 2, 1986, is both untimely and insufficient to require the disqualification of the Honorable Norman C. Roettger, Jr. from further hearing and proceedings in this case. It is therefore

ORDERED, ADJUDGED and DE-CREED that the affidavit of R. Stuart Huff, be and the same is hereby rejected as not meeting the requirements of 28 U.S.C. § 144, and further, plaintiff's third motion for recusal be and the same is hereby denied. It is further

ORDERED that the above-styled case be returned to Judge Norman C. Roettger, Jr. for all further proceedings.