**Richard LOZANO, Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, Defendant/Third-Party Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Third-Party Defendant.**

**No. 86–866–Civ.**

United States District Court, S.D. Florida.

Aug. 8, 1986.

Paul, Landy, Beiley & Harper, P.A. and Duane Anderson, Anderson, Moss, Russo, Gievers & Cohen, P.A., Miami, Fla., for Richard Lozano.

James Dougherty, Miami Beach, Fla., and David Rabin, Weiner, Robbins, Tunkey & Ross, P.A., Miami, Fla., for Maryland Cas. Co.

## ORDER STRIKING RECUSAL MOTION

JAMES LAWRENCE KING, Chief Judge.

Attorney James Dougherty, counsel for Maryland Casualty Company, filed a petition to recuse a United States District Judge of the Southern District of Florida under 28 U.S.C. § 144 and 28 U.S.C. § 455. The invocation of § 144, when accompanied by a sworn affidavit, requires an evidentiary hearing before the Chief Judge or his designee.

A hearing was held on July 30, 1986. Mr. Dougherty did not appear at the hearing, and Maryland Casualty Company was represented by the law firm of Weiner, Robbins, Tunkey & Ross, P.A., through Mr. David Rabin.

Counsel for Maryland Casualty Company announced that its previously filed motion to recuse was being withdrawn. During the course of the hearing, it developed that the review of the matters set forth in the earlier filed motion to recuse by Mr. Dougherty were, in the opinion of the specially retained law firm, factually remote, legally insufficient, and without basis.

A written motion to withdraw the motion to recuse was subsequently filed by Mr. Dougherty wherein he formally apologized to the court and to the judge involved for his actions in filing a pleading suggesting that a judge of this court could not be fair. Counsel are herewith admonished of the stern responsibility imposed by 28 U.S.C. § 144 and Fed.R.Civ.P. 11, and the cases interpreting the rule and the statute to carefully evaluate the factual assertions of the affidavit in support of a motion to recuse before affixing his name to such a pleading. Since an allegation of bias and prejudice under § 144 adversely affects the individual judge's reputation for fairness and impartiality, thus tending to erode the confidence of litigants and the bar in the court itself, it will not be taken lightly in this or any court. Under the statute, the individual judge against whom the suggestion of bias is made, is unable to respond except at the evidentiary hearing before the Chief Judge or his designee.

It is for these reasons that a motion to recuse a judge of the United States District Court for the Southern District of Florida should not be filed unless thorough and careful investigation by the attorney signing the motion convinces that attorney that the judge against whom the motion is directed has personal extrajudicial bias and prejudice against the client or the attorney making it impossible for the client to receive a fair trial. *Huff v. Standard Life Insurance Co.*, 643 F.Supp. 705 (S.D. Fla.1986).

The admonition of the court to counsel during the hearing of July 30, 1986, and appended hereto, is incorporated into this order by reference as though set forth fully herein. It is therefore ORDERED, ADJUDGED and DECREED as follows:

1. The apology of counsel and Maryland Casualty Company is accepted.

2. The motion to recuse is found to be totally without merit, the motion of the defendant Maryland Casualty Company to withdraw said motion be and the same is hereby granted and the motion stricken from the records of this court.

3. The matter is referred to the calendar of the original presiding judge for all

further proceedings including trial in the above-styled case.

## APPENDIX

### TRANSCRIPT OF HEARING BEFORE THE HONORABLE JAMES LAWRENCE KING

(Call to the order of the Court 9:30 a.m.)

THE COURT: We are here this morning on the matter of the motion for recusal of Judge Ryskamp in the case of Lozano vs Maryland Casualty Company, European Motor Sports et cetera.

Mr. Dougherty, this is your motion.

MR. RABIN: David Rabin from Weiner Robbins on behalf of Jeffrey Weiner and James Dougherty. We are withdrawing the motion to recuse.

THE COURT: All right. Mr. Anderson, do you have any position with respect to this.

MR. ANDERSON: Do you think I should oppose it? What do you want me to say.

THE COURT: I don't know. I would say to all of you that this is a very serious step that Maryland Casualty has taken.

MR. ANDERSON: I am sorry to be light hearted.

THE COURT: I am telling you this is a very serious charge that they have leveled of bias and prejudice of a United States District Judge.

So it is not simply enough to stand up and say "well, Judge it is all a joke".

MR. RABIN: If I could clarify our position. As you note in reviewing the file, our firm was retained and we filed our special limited notice of appearance. We were asked to make an independent review of analysis of what had proceeded our entry into the case.

It is our judgment and our client now agrees that the best position to take would be to withdraw the motion.

THE COURT: That's the type of review that responsible lawyers are supposed to make before they file the motion for recusal. Now there is a man named James F. Dougherty, a second attorney for Maryland Casualty. Is he here?

MR. RABIN: He is in trial before Judge Maria Korvick.

THE COURT: Well, he is the man that filed this motion and under all the cases interpreting this section of the statute this lawyer is supposed to have made a thorough analysis and review of the affidavit filed by his client for sufficiency and adequacy, and he is supposed to certify as an attorney and member of the bar of this district that this is a proper motion, of bias by a United States District Judge.

Obviously he didn't do that because when it got to responsible lawyers they did it. Now you, on behalf of your client, are withdrawing the motion.

I don't take this at all likely, not a bit, nor does any judge. This is the most serious thing a law firm or lawyer can do.

If they are justified, fine. But to file these things under this statute without thoroughly investigating, without thoroughly considering the ramifications does a disservice to the court, to the bar and to that lawyer's professional reputation.

MR. ANDERSON: May I be heard.

THE COURT: I wish you would, Mr. Anderson.

MR. ANDERSON: This whole case is a Rule 11 case. The thrust of the case on the merits is bias on the part of the arbitrators.

Now the reason this motion is being withdrawn is that the Maryland Casualty has now sued a Florida defendant third-party defendant Progressive Mutual and they incorrectly believe that that divests this court of the jurisdiction.

So that's why they are withdrawing this motion because they think the case is going to be remanded back to the state court because they sued a Florida defendant.

So, once again Maryland Casualty is in a Rule 11 posture, Judge. They should be punished for all of this.

MR. RABIN: If I could briefly respond.

With all due respect to Mr. Anderson, he can't speak for Maryland Casualty on the issue of whether or not this case is going to be remanded. I believe our independent research suggests that it may not be remanded.

But that is not the reason for the withdrawal of the motion. I think the court eloquently stated the reason for the withdrawal as I early stated.

Our independent review determined it was inappropriate to proceed. That's why we made the announcement. I am sorry and I apologize to this court that we didn't get into this case sooner.

THE COURT: At a bare minimum, before I grant your motion to withdraw this petition, at a bare minimum I am going to expect something from Mr. Dougherty.

He is going to have to decide what he wishes to do but he and or his firm that filed this motion are going to have to at a minimum do what it is that you have done and that is to apologize because you have impugned, not you personally, but Mr. Dougherty, the reputation of a fine judge under a statute that does not permit the judge to respond personally except in an evidentiary hearing.

And then to come along and say as you did or as someone did in the motion most recently filed that we don't want an evidentiary hearing. We want to be able to malign the Judge, impugn his reputation and then walk away because we have satisfied the requirements of the statute regarding sufficiency of the affidavit. We don't want an evidentiary hearing where we have to prove our allegations and that is not called for under the statute.

That's in somebodys latest motion. Somebody last filed the motion to cancel this hearing. Well that is utter nonsense.

The statute requires that the judge himself or herself determine sufficiency of the affidavit and timeliness of the affidavit.

Judge Ryskamp had full authority to do that. There was no need to do that. He passed it on to me because he had never dealt with the statute before and I glanced at it, and reviewed it and saw it was obviously timely filed because Judge Ryskamp had just been appointed to the bench.

Well, I am not sure it was timely filed because he had had it long enough to have a hearing according to the pleadings in this case.

Mr. Dougherty may not have been timely. I gave him the benefit of the doubt and assumed he was timely. The sufficiency, yes, Mr. Dougherty is correct.

He tracked the statute and followed it correctly by having his client swear to an affidavit and he as the lawyer is supposed to review that affidavit independently, and not file it unless he is convinced that there is absolute personal bias being directed towards him, if it is him, or his client.

That he did not do given what has happened this morning. But in any event, to suggest that there is no hearing, that no other judge can pass upon this that no one decides that, that a lawyer can blithely say whatever he wishes to say and then walk away and get a different judge, some other judge, is absolutely nonsense.

This the most incredible interpretation of 445 (a) that I have ever heard a lawyer espouse. Well I will wait and see what is filed in writing.

You have announced that you wish to withdraw the motion. Judge Ryskamp is standing by available to whichever side wishes to call him.

I presume that you had or Mr. Dougherty someone had witnesses to prove the allegation of personal bias or prejudice. You do not have, I take it, anybody that is available for you to call as a witness. But you are withdrawing that.

We will see what is filed in writing. Then I will decide later what is going to happen with respect to Mr. Dougherty.

I am not sure I tell you quite candidly. He obviously is derelict in his responsibility to evaluate this matter before filing something like this motion.

This is getting to be a fad. This is the third one of these that has been filed in the last three weeks.

Wherever you get the opportunity you can indicate to the bar that this Chief Judge does not appreciate and does not like it.

If lawyers have a reason to believe that a judge is personally biased, fine. If they have the facts and they have the affidavit and they file it directly, fine.

Under those circumstances, a judge in this district would step aside himself or herself.

But if you are doing it to judge shop, impugn the record or reputation of a judge where a judge can't fight back, believe me this Chief Judge doesn't like it and it is not going to happen, not while I am Chief Judge.

You will tell Mr. Dougherty that and at a minimum he should apologize to Judge Ryskamp.

All right. The hearing is concluded.

(Proceedings adjourned at 10:20 a.m.)