UNITED STATES of America, Plaintiff,

v.

Steven Charles CRAIG, et al., Defendants.

No. 93–585–CR.

United States District Court, S.D. Florida, Miami Division.

May 13, 1994.

Cynthia Hawkins, Asst. U.S. Atty., Orlando, FL, for U.S.

Donald L. Ferguson, Boca Raton, FL, for defendant Steven Charles Craig.

Samuel J. Rabin, Jr., Miami, FL, for defendant Armond Steven Davila.

David J. Joffe, Miami, FL, for defendant Chris DiFranco.

Stephen J. Bronis, Miami, FL, for defendant Craig Steven Lindback.

Richard J. Diaz, Miami, FL, for defendant Roy John Lindback.

Russell E. Crawford, Orlando, FL, for defendant Mary Margaret Buxbaum.

Ronald S. Guralnick, Miami, FL, for defendant Christopher Schofield.

Robert A. Rosenblatt, Miami, FL, for defendant Jimmy Rodriguez.

Paul A. McKenna, Miami, FL, for defendant Francisco Jesus Cabrera.

Vincent Farina, Miami, FL, for defendant Frank DiFranco.

Hy Shapiro, Miami, FL, for Brian Edward Lindback.

William M. Moran, Miami, FL, for defendant Ernesto Santalla.

Donald A. Lykkebak, Orlando, FL, for defendant Stevan Laury Buxbaum.

Richard Docobo, Miami, FL, for defendant Michael J. Copeland.

Michael H. Tarkoff, Miami, FL, for defendant Michael Lee London.

George M. Evans, Miami, FL, for defendant David L. Smith.

Russell F. McLatchey, Longwood, FL, for defendant Ralph Eugene Cencebaugh.

Jay M. Kolsky, Miami, FL, for defendant Daniel John Sims.

Robert N. Scola, Jr., Miami, FL, for defendant Jeffrey Yost.

Douglas C. Hartman, Miami, FL, for defendant Roger Allen Yost.

Dennis N. Urbano, Miami, FL, for defendant Dana Randall Banks.

Kenneth D. Noel, San Diego, CA, for defendant David C. Balzerzak.

Rick Freedman, Miami, FL, for defendant Edward Wellmore Abele.

Leonard P. Fenn, Coral Gables, FL, for defendant Kevin McIsaac.

Armando Oliveros, Jr., Miami, FL, for defendant Randy B. Ramsauer.

Stuart Adelstein, Miami, FL, for defendant John Thurman Segars.

Richard A. Sharpstein, Miami, FL, for defendant Roger Lee Yost, Sr.

Eric Bensen, Orlando, FL, for defendant Michael R. McClain.

George M. Evans, Miami, FL, for defendant Steve Lambert.

David B. Rothman, Miami, FL, for defendant David K. Futch.

## ORDER

ROETTGER, Chief Judge.

THIS CAUSE is before the court upon defendants' objection to the order issued by the Honorable Shelby Highsmith referring their joint motion for disqualification of the court to this district's chief judge for determination. Defendants contend the chief judge lacks authority to rule on the matter. They argue that Title 28, United States Code, Section 455 was designed to be exclusively self-enforcing and precludes transfer

of the disqualification motion to another judge for resolution. Their contention is based on the fact that Title 28, United States Code, Section 144, mandates the transfer of recusal motions but that Section 455 does not.

■ However, Section 455 is silent concerning procedure. It does not bar transfer of a recusal motion for determination by another judge. In fact, courts have acknowledged that the challenged judge may either opt to refer the matter to another judge for decision or rule on it himself. *See, e.g., Levitt v. University of Texas,* 847 F.2d 221, 226 (5th Cir.), *cert. denied,* 488 U.S. 984, 109 S.Ct. 536, 102 L.Ed.2d 567 (1988); *United States v. Heldt,* 668 F.2d 1238, 1271 (D.C.Cir. 1981), *cert. denied sub nom. Hubbard v. United States,* 456 U.S. 926, 102 S.Ct. 1971, 72 L.Ed.2d 440 (1982).

■ In addition, it is clearly within the province of the chief judge to take jurisdiction of any matter similar to this pending motion to disqualify Judge Highsmith, particularly at the request of the district judge assigned to the case, where the underlying dispute involves which district should exercise venue over a particular case, and one in which the circuit court of appeals has become involved[1]. Furthermore, it has been the policy of this court for at least 20 years to refer such or similar motions to the chief judge for consideration. *See, e.g., Huff v. Standard Life Ins. Co.,* 643 F.Supp. 705, 707 (S.D.Fla. 1986); *Lozano v. Maryland Cas. Co.,* 111 F.R.D. 455 (S.D.Fla.1986). The Honorable James Lawrence King handled approximately six such motions a year during his seven-year tenure as chief judge from 1984–1991 and stated at one point that he had heard three disqualification motions in one three-week interval. *Lozano,* 111 F.R.D. at 459.

The undersigned finds he has the inherent authority to handle the disqualification motion at issue as there is "no express authority to the contrary, and because it is a reasonable and practical solution to the problem." *Huff,* 643 F.Supp. at 707. Accordingly, it is

**ORDERED AND ADJUDGED** that defendants' objections to Judge Highsmith's order requesting that the chief judge or his designee assume limited jurisdiction over their motion to disqualify are **OVERRULED.**

**DONE AND ORDERED.**

---

1. The Eleventh Circuit Court of Appeals entered a writ of mandamus vacating Judge Highsmith's order of retransfer in an unpublished opinion on March 21, 1994.