UNITED STATES of America, Plaintiff,

v.

Juan PAAN, Defendant.

No. 96–35–CR.

United States District Court,
S.D. Florida.

Feb. 21, 1996.

---

Rosa C. Rodriguez–Mera, Asst. U.S. Atty., U.S. Attorney's Office, Miami, FL, for plaintiff.

James Jay Hogan, Hy Shapiro, Hogan, Greer & Shapiro, Miami, FL, G. Richard Strafer, Quinon & Strafer, Miami, FL, for defendant.

## ORDER

ROETTGER, Chief Judge.

**THIS CAUSE** is before the Court on motion by defendant, Juan Paan, to recuse Judge K. Michael Moore. Judge Moore has referred this motion for disposition to the Chief Judge of the Southern District of Florida. This court has authority to rule on this matter as Chief Judge of this district. *See, United States v. Craig,* 853 F.Supp. 1413 (S.D.Fla.1994); *Huff v. Standard Life Ins. Co.,* 643 F.Supp. 705 (S.D.Fla.1986); *Lozano v. Maryland Cas. Co.,* 111 F.R.D. 455 (S.D.Fla.1986).

Defendant seeks recusal of Judge Moore on the grounds that Judge Moore "employs a wooden sentencing policy involving cooperating defendants." (Defendant's Motion, p. 1). Defendant submits the transcripts of the sentencings in *United States v. Cosgrove, et al.,* Case No. 89–489–CR–MOORE in support of his motion. Defendant contends that Judge Moore does not take into consideration factors such as the level of cooperation or the recommendation made by the government in determining the sentence imposed.

A motion for recusal under 28 U.S.C. § 455 may not be predicated upon the judge's rulings in the same or related case. *Jaffe v. Grant,* 793 F.2d 1182 (11th Cir.1986). The judge's bias must be personal, extrajudicial and derived from something other than that which the judge learned by participating in the case. An exception to this general rule occurs when the movant demonstrates pervasive bias and prejudice. *Id.* Defendant has failed to make such a showing.

Defendant's contention that Judge Moore does not take into account the sentencing factors required under 18 U.S.C. § 3553(a) is not supported by review of the *Cosgrove* transcript. Judge Moore did de-scribe sentencing practices in general terms to address expectations held by defendants as a result of the government's recommendation in the case. However, Judge Moore clearly stated that "... sentencing is a matter within the discretion of the Court after consideration of a number of factors, not the least of which is not only the defendant's cooperation but the harm to society at large by virtue of the offenses and the conduct which occurred...." (Exhibit A to Defendant's Motion to Recuse, *Cosgrove* Transcript at 34–35).

Although Judge Moore indicated a certain degree of uniformity in sentencing even in situations where defendants had provided substantial assistance, nothing suggests that he would fail to consider the presentence investigation report or statements or submissions by or on behalf of a defendant. Far from the "wooden" approach alleged by defendant, Judge Moore has stated:

> What I try to do is to give that some measure of consistency and certainty to a defendant and all defendants when they come into court to make sure that everybody has some sense of being treated equally for their offense and to some extent for their substantial assistance, recognizing that, as with the guidelines, any formula is subject to our application of the formula to the specific facts before us or the case before us ... [a]nd I have gone outside the formula when I think it's appropriate. So it's not as if it's just a mechanistic approach.

(Exhibit to Government's Response, *Medina* Transcript at 44).

As an additional basis, the court notes that this case has been randomly selected for reassignment to Judge Lenard. As such, this motion is moot.

Therefore, it is

**ORDERED AND ADJUDGED** that on both bases delineated above the motion by defendant, Juan Paan, to recuse Judge K. Michael Moore is hereby **DENIED.**

**DONE AND ORDERED.**