**UNITED STATES of America,**
**Plaintiff,**

v.

**SOUTH FLORIDA WATER MAN-**
**AGEMENT DISTRICT, et al.,**
**Defendants.**

**No. 88–1886CIVZLOCH.**

United States District Court,
S.D. Florida.

Sept. 23, 2003.

Thomas L. Sansanetti, Keith E. Saxe, Washington, DC, Joanna B. Goger, Philip Mancusi–Ungaro, Atlanta, GA, for U.S.

Robert S. Hackleman, Rick J. Burgess, Gunster Yoakley & Stewart, P.A., Fort Lauderdale, FL, for U.S. Sugar Corp.

Dexter W. Lehtinen, Lehtinen, Vargas & Riedi, P.A., Miami, FL, for Miccosukee Tribe of Indiands of Florida.

Teri Donaldson, Tallahassee, FL, Charles A. Demonaco, Dickie, McCamey & Chilcote, Pittsburgh, PA, for Florida Dept. of Environmental Protection.

E. Thom Rumberger, Rumberger, Kirk & Caldwell, P.A., Tallahassee, FL, J. Kendrick Tucker, Huey, Guilday, Tucker, Schwartz & Williams, P.A., Tallahassee, FL, for Florida Audubon Society.

### ORDER OF DISQUALIFICATION

ZLOCH, Chief Judge.

THIS MATTER is before the Court upon Intervenor, United States Sugar

Corp.'s Motion To Disqualify, To Have This Motion Referred To the Chief Judge, To Vacate May 9, 2003 Order And To Stay Proceedings (DE 1742), Intervenor, Miccosukee Tribe Of Indians Of Florida's Motion To Strike Affidavit Of Charles F. Wilson, Jr. (DE 1761) and the Order of Referral (DE 1772) signed by United States District Court Judge William M. Hoeveler. The Court has given considerable thought to said Motions, the entire court file and is otherwise fully advised in the premises.

The Code of Conduct for United States Judges and case law make clear two points regarding judicial conduct: (1) judges should avoid even the appearance of impropriety; and (2) judges should neither give interviews to the media about a matter then pending before that judge nor comment about the merits of the case or the parties thereto. With these tenets in mind the Court commences with its analysis.

## I. Background

The Court notes that the relevant facts are undisputed. The above-styled cause was commenced by Plaintiff, United States of America against Defendants, South Florida Water Management District and Florida Department of Environmental Protection (formerly Florida Department of Environmental Regulation) (collectively hereinafter the "Settling Parties") in 1988. From its inception, this cause was assigned to the Honorable William M. Hoeveler of the United States District Court for the Southern District of Florida. On or about July 26, 1991, the Settling Parties executed a Settlement Agreement which was adopted by the Court as a Consent Decree on or about February 24, 1992. The Court retained jurisdiction to enforce the Consent Decree and, on or about April 27, 2001, entered an Omnibus Order (DE 1623) modifying the Consent Decree on the Joint Motion (DE 1326) of the Settling

Parties and in consideration of the Everglades Forever Act which was passed by the Florida legislature and signed into law in 1994. Earlier this year, the Florida legislature considered and passed amendments to the Everglades Forever Act which were signed into law by the Governor of Florida, Jeb Bush, on or about May 20, 2003.

The Court further notes that during the course of the proceedings various entities, including Intervenor, United States Sugar Corp, (hereinafter "U.S. Sugar"), were granted intervenor status in the above-styled cause.

As is relevant to the instant Motion (DE 1742), on or about April 23, 2003, Judge Hoeveler issued an Order Setting Hearing (DE 1728) and, following a May 2, 2003 hearing, issued an Order (DE 1733), on or about May 9, 2003, determining that a special master should be appointed to assist the Court in the continued oversight of the Consent Decree. Additionally, Judge Hoeveler was quoted and cited as a source in five newspaper articles published between May 4, 2003 and June 5, 2003 discussing the above-styled cause and the amendments to the Everglades Forever Act (DE 1744, Wilson Aff. Exs. 4, 5, 7, 8; DE 1767, Ex. A). Based on the contents of these two Orders, the statements attributed to Judge Hoeveler in these five articles, and Judge Hoeveler's alleged meetings with reporters, U.S. Sugar seeks the disqualification of Judge Hoeveler pursuant to 28 U.S.C. §§ 144 and 455, seeks to have the Motion to Disqualify (DE 1742) referred to the Chief Judge, seeks to have the above-styled cause stayed pending resolution of the Motion to Disqualify (DE 1742) and seeks to have the May 9, 2003 Order (DE 1733) vacated.

In opposition to the instant Motion to Disqualify (DE 1742), Plaintiff–Intervenor, Florida Audubon Society and Intervenor,

Miccosukee Tribe of Indians of Florida has each filed a Response (DE Nos. 1756 and 1762) and Plaintiff, United States of America and Defendant, Florida Department of Environmental Protection has each filed a Memorandum of Law (DE Nos. 1775 and 1778) in support of the Joint Response (DE 1776) of the Settling Parties to the Motion to Disqualify (DE 1742). Defendant, South Florida Water Management District also filed a Response (DE 1781) in which it declines to take a position regarding the Motion to Disqualify (DE 1742). Additionally, U.S. Sugar has filed numerous Reply briefs (DE Nos. 1764, 1769, 1782 and 1785).

By prior Order (DE 1772), Judge Hoeveler referred U.S. Sugar's Motion to Disqualify (DE 1742) in its entirety and Intervenor, Miccosukee Tribe Of Indians Of Florida's Motion To Strike Affidavit Of Charles F. Wilson, Jr. (DE 1761) to the undersigned Chief Judge of the Southern District of Florida. Finally, the Court notes that since the filing of U.S. Sugar's Motion to Disqualify and up through the date of this Order, other than the Order of Referral (DE 1772), Judge Hoeveler has not issued any substantive orders regarding the above-styled cause.

## II. 28 U.S.C. § 455

Section 455(a) provides that

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a) (2003).[1] As has been repeatedly stated by the Eleventh Circuit in applying § 455(a),

The test for determining whether a judge's impartiality might reasonably be questioned is an objective one, and requires asking whether a disinterested observer fully informed of the facts would entertain a significant doubt as to the judge's impartiality.

*Bivens Gardens Office v. Barnett Banks of Florida,* 140 F.3d 898, 912 (11th Cir.1998) (*citing Diversified Numismatics, Inc. v. City Of Orlando,* 949 F.2d 382, 385 (11th Cir.1991) and *Parker v. Connors Steel Co.,* 855 F.2d 1510, 1524 (11th Cir.1988)); *see also Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir.2000) (*citing United States v. Kelly,* 888 F.2d 732, 744–45 (11th Cir. 1989)). The intent underlying § 455(a) is "to promote public confidence in the integrity of the judicial process" and "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Services Corp.,* 486 U.S. 847, 860, 865, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988); *see also Parker,* 855 F.2d at 1523 (*quoting Liljeberg,* 486 U.S. at 860, 865, 108 S.Ct. 2194). Moreover, in light of the intent of the statute, disqualification should be granted where a judge would harbor any doubt concerning whether disqualification is appropriate. *Parker,* 855 F.2d at 1524 (*citing United States v. Alabama,* 828 F.2d 1532, 1540 (11th Cir.1987)). Thus, disqualification under § 455(a) is possible where no actual partiality, bias or prejudice for or against a party exists.

The United States Supreme Court has held, however, that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555,

---

1. Although on its face § 455(a) requires the judge assigned to a case and who is the subject of a § 455(a) motion to decide the matter, it is permissible, as was done in the above-styled cause, to refer the matter to another judge. In the Southern District of Florida the practice is to refer such motions, if referred, to the Chief Judge. *See United States v. Paan,* 915 F.Supp. 376, 377 (S.D.Fla.1996); *United States v. Craig,* 853 F.Supp. 1413, 1415 (S.D.Fla.1994).

114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (*citing United States v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966)). Similarly,

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* Taken together, this is the so-called "extrajudicial source" doctrine which applies to both § 144 and § 455(a) motions. *See id.* at 554, 114 S.Ct. 1147; *Christo*, 223 F.3d at 1334.

■ U.S. Sugar's § 455(a) Motion to Disqualify (DE 1742),[2] is based both on judicial rulings—the May 2, 2003 Order Setting Hearing (DE 1728) and the May 9, 2003 Order (DE 1733)—and Judge Hoeveler's alleged interviews with reporters as is represented in five newspaper articles published between May 4, 2003 and June 5, 2003 (DE 1744, Wilson Aff. Exs. 4, 5, 7, 8; DE 1767, Ex. A). Moreover, it is evident that extrajudicial sources may have influenced Judge Hoeveler or, at least, there is a reasonable appearance of such influence. The May 2, 2003 Order Setting Hearing (DE 1728), for example, expressly references newspaper coverage of proposed legislation which gave Judge Hoeveler "considerable apprehension" as the grounds for the Order. Additionally, in a May 18, 2003 article published in the St. Petersburg Times (DE 1744, Wilson Aff. Ex. 5), Judge Hoeveler is quoted as saying, with regard to taking action in the above-styled cause, "Everyone I meet comments, 'Do it!, Do it!, Do it!'" Finally,

meetings between Judge Hoeveler and reporters are themselves evidence of extrajudicial sources, as these interviews are not merely one-way conversations. *See United States v. Microsoft Corp.*, 253 F.3d 34, 113 (D.C.Cir.2001) (stating that "we think it safe to assume that these interviews were not monologues"). Thus, it is necessary to consider whether "a disinterested observer fully informed of the facts would entertain a significant doubt as to the judge's impartiality." *Bivens Gardens Office*, 140 F.3d at 912 (citations omitted).

■ In consideration of the full record presented by all parties in the instant Motion to Disqualify (DE 1742), the Court finds that disqualification pursuant to § 455(a) is necessary. While the Court does not rely on any single conclusion or observation contained in the May 2, or May 9, 2003 Orders or any statement attributed to Judge Hoeveler in any of the five newspaper articles, certain statements demonstrate an objective doubt as to Judge Hoeveler's continued impartiality in the above-styled cause. For example, in a May 18, 2003 article published in the St. Petersburg Times (DE 1744, Wilson Aff. Ex. 5), Judge Hoeveler is quoted as saying "I think [Governor] Bush is a good man and he means well, . . . But I'm afraid he fell into the hands of those who don't like the Everglades" and that "[w]hen the governor signs this bill—and he will, I think, sign it—the South Florida Water Management District has got to be watched." A reasonable interpretation of this statement is that Judge Hoeveler does not trust the South Florida Water Management District. In a May 20, 2003 Sun–Sentinel article (DE 1744, Wilson Aff. Ex. 7), Judge

---

**2.** The Court notes that, although U.S. Sugar was granted intervenor status on only a limited basis, *see United States v. South Florida Water Management District*, 922 F.2d 704, 710 (11th Cir.1991), once leave to intervene has been granted the intervenor has the right to apply for disqualification of the judge. *See* P.A. Agabin, Annotation, *Intervenor's Right To Disqualify Judge*, 92 A.L.R.2d 1110 (1963).

Hoeveler is quoted as saying, again referring to Governor Bush, that "I think he's doing what he thinks is right. He just doesn't agree with me." Another example is found in a May 23, 2003 Miami Herald article (DE 1744, Wilson Aff. Ex. 8) in which Judge Hoeveler is quoted as saying that "I'll tell you one thing I'm sure of, we're going according to the old law, ..., and we're going to make sure of that." Additionally, in the May 9, 2003 Order (DE 1733), Judge Hoeveler wrote that the "Court does not yet have cause to attempt to apply the legislation, and I sincerely hope I am never obliged to do so, for the bill is clearly defective in many respects.... While I am deeply troubled by the content of the bill, I am dismayed by the process that led to its passage. The bill was moved quickly through the legislative process, reportedly at the behest of more than forty lobbyists for the sugar industry."

Taken together, these and other statements made by or attributed to Judge Hoeveler would cause a "disinterested observer fully informed of the facts [to] entertain a significant doubt as to the judge's impartiality." *Bivens Gardens Office,* 140 F.3d at 912 (citations omitted). More specifically, an objective observer would reasonably doubt whether U.S. Sugar, South Florida Water Management District or any other party supporting the amendments to the Everglades Forever Act which were signed by Governor Bush would be treated impartially.

In opposition to U.S. Sugar's Motion to Disqualify, some of the parties outline and promote Judge Hoeveler's years of service overseeing the above-styled cause as grounds to deny the Motion. While the Court notes that Judge Hoeveler has indeed overseen this cause since its inception in 1988 and, through that experience, has knowledge concerning and an understanding regarding this cause that will be difficult for another judge to accumulate, the Court cannot find, and the parties have not cited, precedent in which knowledge and understanding regarding a cause is a factor in considering a § 455(a) motion.

### III. Remaining Issues

The Court notes that since disqualification is necessary pursuant to § 455(a) it is not necessary to consider application of § 144. It is also not necessary, therefore, to consider the sufficiency of the affidavit filed in support of the motion in so far as it pertains to § 144. The Miccosukee Tribe of Indians Of Florida's Motion to Strike Affidavit (DE 1761), is, therefore, moot. Furthermore, since U.S. Sugar's Motion to Disqualify (DE 1742) was referred to the Chief Judge and no other substantive proceedings have occurred since the Motion was filed it is not necessary to consider the questions of referral or stay. Thus, the only remaining issue is whether the May 9, 2003 Order (DE 1733) should be vacated.

Beyond disqualification, the determination of any other remedy necessary pursuant to a § 455(a) motion is discretionary. "Congress has wisely delegated to the judiciary the task of fashioning the remedies that will best serve the purpose of the legislation." *Liljeberg,* 486 U.S. at 862. The Supreme Court went on to find that "in determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Id.* at 864, 108 S.Ct. 2194; *see also Microsoft,* 253 F.3d at 116. The judge to whom the cause is reassigned pursuant to the Southern District of Florida's blind random assignment system is better suited to conduct this analysis upon review of all of the facts and circumstances of the above-styled

cause. Thus, the Court does not vacate the May 9, 2003 Order (DE 1733).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Intervenor, Miccosukee Tribe Of Indians Of Florida's Motion To Strike Affidavit Of Charles F. Wilson, Jr. (DE 1761) be and the same is hereby **DENIED as moot**; and

2. Intervenor, United States Sugar Corp.'s Motion To Disqualify, To Have This Motion Referred To The Chief Judge. To Vacate May 9, 2003 Order And To Stay Proceedings (DE 1742) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

A. To the extent the Motion seeks to disqualify the Honorable William M. Hoeveler pursuant to 28 U.S.C. § 445(a) the Motion is granted and the above-styled cause is **REFERRED** to the Clerk of the Court for permanent reassignment to another judge in accordance with the blind random assignment system and Local Rule 3.7;

B. To the extent the Motion seeks to vacate the May 9, 2003 Order (DE 1733) the Motion is denied without prejudice to be considered by the judge to whom this matter is reassigned; and

C. In all other respects the Motion is denied as moot.